The next case this morning is 523-0542, People v. Brown. Arguing for the appellant is Emma Poorman. Arguing for the athlete is Ivan Taylor Jr. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Morning counsel. As you've been advised, Justice Moore is not present, but he will be listening to the recording and viewing the video, and obviously remain a panel member and participate in a disposition. Appellant, if you're ready, you may proceed. Emma Poorman Good morning, your honors. May it please the court and counsel, I'm Emma Poorman from the Office and State Appellant Defender arguing on behalf of the appellant, Ms. Sheila K. Brown, who requests that this court vacate her guilty plea and sentence and remand this matter for further proceedings or in the alternative that this court reduce her sentence to no more than eight years to serve. Now, as a reminder, Brown entered an open guilty plea across three cases, one count of retail theft, two additional counts of retail theft, and one count of burglary. I submitted a motion to the court addressing the state's motion to cite additional authority, but for clarity's sake, I'm going to address arguments one and three, and arguments two and four are withdrawn. Justice Breyer Oh, I'm sorry, I should have told you both this before you started. We have, we're going to grant the motion for additional authority on the Ratliff and Brown cases and give the state five days to respond. Go ahead. Emma Poorman Thank you. Beginning with argument one, before Brown pleaded guilty, the trial court failed to admonish her that she could be ordered to pay restitution, only advising her in regards to fines. At sentencing, the trial court ordered Brown to pay $1,000 in restitution regardless, for stolen snack foods from a local Pepsi warehouse. Now under Rule 402, Brown's plea was not knowing, and this court should allow Brown to withdraw her plea. The Illinois Supreme Court case, People v. Snyder, is instructive here, pursuant to a partially negotiated plea, Snyder pleaded guilty in exchange for dismissal of the remaining charges, but the trial court failed to advise her about the possibility of fines or restitution, which led to the issue on appeal, which was, what was the proper remedy for failing to admonish a defendant who entered a partially negotiated guilty plea of the possibility that she would be ordered to pay restitution? Now as the Supreme Court ruled in that case, quote, the appropriate remedy for the trial court's failure to admonish defendant as the possibility that she would be ordered to pay restitution is to allow her the opportunity to withdraw her plea. Now this is the case for Brown. This is the remedy that she seeks. Brown was prejudiced by this failure because there's a key difference between fine and restitution. A fine may be revoked for inability to pay, while restitution order cannot. The only discussion about ability to pay within restitution, of course, is the discussion of payment schedule. So ultimately, a defendant may or may not end up paying a fine, but they will be paying restitution. So Brown was prejudiced by the imposition of a sentencing term that was not disclosed when she pleaded guilty. And similarly, and additionally, counsel's failure to object to this error prejudiced the defendant and constituted ineffective assistance of counsel. Given this, we request that this court vacate her guilty plea and sentence and remand this matter for further proceedings. If your Honor still have any questions on Argument 1, I'll continue to Argument 3. In most of the cases where there was a question about restitution or fines, I think in one of the cases the person, the fine was, they were advised fines could be $25,000 and they were imposed $46,000 in restitution. That's a little different where it's higher than the amount told, as opposed to here where she was told she could be fined up to $25,000, but she was only ordered to pay $1,092 in restitution. So she was aware of a possible monetary penalty. I understand what you're saying about the fines could be revoked and restitution's not, but she had bond posted. That restitution's already been distributed to Pepsi, isn't that correct? That is correct. It was posted to Pepsi. I would respond to that respectfully by saying that it's prejudicial to receive a punishment you're not advised of. I do think for the reasons I stated, that those, the fines and restitution are, can be differentiated in a way that's meaningful. I additionally would add that yes, an individual may be advised of a rather large amount, but that doesn't mean that they can anticipate any such reward, in this case, over a thousand dollars. All right. Thank you. Thank you. Moving on to argument three, the issue of Brown's sentence. First, the trial court considered facts outside the record during sentencing, and second, the trial court imposed an excessive prison sentence. Now, in sentencing Brown on the issue of the warehouse theft, the trial court judge remarked that he, quote, recognizes the fact that Walmart is an enormous corporation. I recognize the fact that Pepsi-Cola is an enormous corporation, and it's probably a drop in the bucket, if that to them, but that's why we have these laws, is because every time things are stolen from a business, it just runs up the cost for everyone else. Given the recent decision in People v. Johnson, we would like to emphasize a secondary argument we made regarding People v. Dameron. Dameron involved private knowledge used as an aggravating factor at sentencing, where the judge spoke of, quote, vague generalizations of crime he uncovered through his independent research of social science books, suggesting that theft drives up prices for consumers. It's similarly a vague generalization of crime, based solely on the judge's supposed study of economics, with no evidence to suggest that Pepsi or Walmart had to raise prices based on Brown's actions. And the resulting due process error, where the judge's outside knowledge or independent research that led him to this conclusion, it amounts to second-pronged plain error. And given this improper reliance, this court should vacate and remand Brown's sentence for a new sentencing hearing. And I'm going to move on to the excessive sentence if there's no further questions on that. The facts as alleged by the state are as follows, in concert with a friend and her daughter, Brown shoplifted items from the local Walmart that they then sold on Facebook. Presumably those items were KitchenAid stand mixers. Then on a later date with a male accomplice, Brown went to the local Pepsi warehouse and threw an open door, stole a number of snack items and loaded them in their vehicle and drove away. Presumably nobody was working at the Pepsi warehouse that day, given that food was delivered on Saturday and the burglary was not discovered until Monday. For this, she received 15 years to serve. That's 10 years for burglary, consecutive to the terms of five, five and three years for the retail thefts. As cited in our briefs, this sentence reflects the facts in People v. Buss, where the defendant stole $44.25 for a vending machine. Buss, like Brown, had an extensive criminal history. Buss's was more extensive than Brown's, with 28 past convictions, seven felony convictions, all of which were nonviolent. He received a 12-year sentence that was later deemed to be excessive. Like Buss, Brown did not break into the Pepsi warehouse. She entered through a door that was left open. She's not accused of using a weapon. There was no threat or harm to any individual, similarly with the shoplifting cases. We do acknowledge that Brown has a significant criminal history with seven prior in-state felonies and five misdemeanors. But with the exception of a 2004 aggravated battery, all of Brown's prior convictions were nonviolent. As the court ruled in Buss, their ruling was, quote, based on the petty nature of the offense being far out of proportion to the sentence. We believe that the same applies here. These offenses of shoplifting stand mixers and stealing snacks by entering through an open door are petty in comparison to the 15 years she received. We'd also note, as Your Honor stated earlier, Pepsi was made whole through restitution. And prior to this case, her longest sentence was seven years for a 2008 narcotics crime. Therefore, we would request no more than eight years to serve on all counts. And if Your Honors have no further questions for these reasons, for the reasons explained in our brief, we request that this court vacate her guilty plea sentence and remand this matter for further proceedings or, in the alternative, again, no more than eight years to serve. No further questions. That concludes our argument. Anything further, Justice Funn? Nothing further. Thank you. All right. Apo Lee. Thank you, Your Honor. Good morning, counsel. My name is Ivan O. Taylor Jr. I'm on behalf of the people of the state of Illinois. This court should affirm defendant's convictions and sentence in this case. Going by the recent decision by the Illinois Supreme Court, starting with the first argument regarding the restitution admonishments. And in this case, defendant was able to file a motion to withdraw guilty plea and reconsider sentence. And in her motion, she makes no mention regarding the admonishment she received from the trial court. And in accordance with the recent decision by Ratliff, that means she has waived any argument set upon plain error. Because the wording of Rule 604D is very explicit and clear that failure to put an issue within a motion to withdraw a guilty plea waives that issue. And plain error is specifically only for forfeited claims and not waived claims. So that in itself removes defendant's first argument in the first issue regarding the rule for admonishments. With regards to ineffectiveness of counsel, I'd like to direct the court to my brief regarding the decisions from the fourth district, Dillon, which analyzed whether or not defendant was prejudiced regarding not being admonished to restitution, but only be admonished as to fines. And like in the Dillon case, in this case, this defendant was admonished that she could suffer up to a $25,000 fine for each offense, even though she was not specifically admonished as to restitution. And like in the fourth district, this court should find that the admonishment as to the fine was sufficient to alert the defendant that she would not—she would have to have obligation—monetary obligations from pleading guilty. And the fourth district found, Dillon, that that defendant suffered no prejudice whatsoever. As such, there's no prejudice. There cannot be any ineffective sense of counsel in this case. Moving on to Defendant's third argument regarding the sentencing, the people's opinion is that the recent decision of Johnson from the Illinois Supreme Court removes any claim regarding the alleged improper factor utilized by the trial court. Once again, second-pronged plain error is only for issues regarding structural error, and the Illinois Supreme Court was very explicit that an issue regarding improper factor is not second-pronged plain error, as it's subject to only harmless error analysis, which removes it from the realm of second prong. Since the defendant does not make any claim regarding first prong, she has forfeited that particular claim whatsoever, and it cannot be utilized by her now. Regarding whether or not the sentence overall was excessive, the people contend that looking at the facts of this case, the sentence was proper. This court has presumed that any sentence brought by the trial court that's within a statutory ring is presumably proper, which this was. With the defendant trying to relate this case to the first-degree case busing, in that case, that defendant was sentenced under the Class X sentencing scheme due to his multiple prior offenses, and that's why that court ruled that the $44 he stole, 12 years for stealing the $44 in coins, was excessive because of the scheme that he was sentenced under. In this case, this defendant is being sentenced under the standard scheme for burglary and theft, under the standard scheme for burglary and theft, and her sentence fell within the standard range for those offenses. Furthermore, regarding the comments the court made, the court is able to comment upon his knowledge of the case itself, and in this case, during the factual basis to accept the guilty pleas, it's indicating that this defendant was part of a theft ring in order to steal these items from Walmart, from Pepsi, and sell them on Facebook. So, this is not just a one-off singular incident. This is a criminal enterprise the defendant was a part of, and her sentence reflects her actions in this case. I'm seeing how the defendant has withdrawn her arguments two and four. Does this court have any other questions? Justice Vaughn, anything further? No further questions. Thank you. Thank you, counsel. And I would ask this court just to affirm the defense convictions and sentence. Thank you. Your Honor, if I may very briefly. For the first argument, I just want to add, and we addressed this much in our brief, we've addressed the issue of plain error, that it can be raised sufficiently in a reply. Additionally, the Dillon case is factually different in terms of the fact there was a stipulation to the amount of restitution, and I think that's a key difference here. Moving on to argument three, I would suggest that this argument that we're making under Dameron is indeed structural, and for that reason it's appropriate for this court to review under plain error. When the judge considered this issue that was outside of the record with his own personal understanding of economics, he's no longer acting as a judge and therefore rendering the process fundamentally flawed. Additionally, in terms of excessive sentence, I do want to say the nature of the crimes, I think, were made clear in our brief in terms of the fact that he did work with a family member and a friend, allegedly as convicted to shoplift items in concert with one another. Again, in relation to the 15-year prison term she received, it is petty in comparison in the same manner in which Buss is. For that reason, we do ask that this court allow her to vacate her guilty plea and sentence and remand for further proceedings, or in the alternative, to sentence her to no more than eight years. Thank you. Any further questions, Justice Funn? No, thank you. All right, counsel. Thank you much. We'll take the matter under advisement and issue a ruling in due course.